[No. 20007.   Department Two.   February 25, 1927.]

# THE STATE OF WASHINGTON, *Appellant*, v. C. W. McGONIGLE *et al.*, *Respondents.*[1]

[1] ALIENS (6)—REAL PROPERTY—RESTRICTIONS—CRIMINAL PROSECUTIONS—INFORMATION — SUFFICIENCY.   An information charging that alien conspirators desired to own, possess, use and enjoy lands, does not charge a conspiracy, under Rem. Comp. Stat. § 10587, to vest the title to the lands or the enjoyment thereof in them, and is insufficient when it fails to expressly and certainly charge that the purpose was to vest in them the title, control or enjoyment of the land.

[2] CONSPIRACY (3)—INDICTMENT AND INFORMATION—SUFFICIENCY— VIOLATION OF ALIEN LAND LAW.   An information for conspiracy to violate the alien land law is insufficient when it fails not only to allege a purpose to vest the title or enjoyment in aliens, but does not charge the manner or any one of the several ways in which the law was to be violated.

Appeal from a judgment of the superior court for King county, Hall, J., entered March 23, 1926, dismissing a prosecution for conspiracy upon sustaining a demurrer to the information.   Affirmed.

*Ewing D. Colvin* and *James M. Bailey*, for appellant.

*Marion A. Butler, H. B. Butler, Phil J. Weiss* and *Tucker, Hyland & Elvidge*, for respondents.

BRIDGES, J.—The information in this case charged the defendants with conspiring with one another to evade and violate the provisions of chapter 50 of the Session Laws of 1921, p. 156, commonly known as the alien land law.   It is too long to be here copied in its entirety.   It names C. W. McGonigle and H. Hirashima and fourteen others as defendants.   It charges that the fourteen defendants are aliens, being subjects of the

[1]Reported in 253 Pac. 655.

Empire of Japan, none of whom has in good faith declared his intention to become a citizen of the United States. Presumably, therefore, the other two defendants, whose names we have given above, are not aliens. It charges that between certain dates, in the year 1925, all of the defendants unlawfully conspired together to violate the alien land law, in that the fourteen aliens,

"  . . . desiring unlawfully to secure for themselves the right to the control, possession, use, employment, issues, profits and the rights to the benefits of certain lands located in King county, state of Washington, more particularly described as follows, to-wit: [Here is given a description of the land] which said land is agricultural land and used and capable of being used for agricultural purposes, did wilfully and unlawfully conspire, combine and confederate with the defendants C. W. McGonigle and H. Hirashima, and each of them, and with each other, to secure the control, possession, use, enjoyment, issues, profits and rights to the benefits of said land, the said defendants C. W. McGonigle and H. Hirashima, and each of them, then and there and at all times mentioned herein, well knowing"

that the other fourteen defendants were subjects of the Empire of Japan.

[1] We are of the opinion that this information is insufficient and defective.

So far as it affects this case, the alien land law provides that no alien shall own or hold the title to any land in the state of Washington nor be entitled to the control, possession, use, enjoyment, rents, issues or profits thereof (with certain designated exceptions), that no person shall take or hold title to land or have the control, possession, etc., for the benefit of an alien, and that all lands so held in violation of the statute shall be forfeited to the state. Section 7 [Rem. Comp. Stat., § 10587] provides that it shall be a gross misdemeanor for any person to knowingly transfer or

convey land or title thereto to an alien or to hold the same in trust for an alien, or to wilfully counsel, aid or abet another in violating or evading the act. Rem. Comp. Stat., § 2382, [P. C. § 8783], with reference to conspiracy, provides that whenever two or more persons shall conspire (1) "to commit a crime . . . (7) to accomplish any criminal or unlawful purpose . . . " they shall be guilty of a gross misdemeanor.

As we have above noted, fourteen of the respondents were subjects of the Empire of Japan and two were citizens of the United States. The information alleges that all of these persons were conspiring one with the other to violate the alien land law. But that law could be violated only by aliens holding the title to real estate or having the possession, use, enjoyment, etc., thereof. It is difficult to tell from the information whether the purpose of the conspiracy was to vest the title to lands, or the possession, use, enjoyment, etc., thereof, in the two respondents who were citizens or in the aliens. The one act would be in violation of the law, but the other would not be. It is true that the information recites that the aliens were "desiring unlawfully to secure for themselves the right to the control, possession, use, employment, issues and profits" of the lands, but it does not expressly allege that the purpose of the conspiracy was to vest title or to place the control, possession, etc., of lands in the aliens. It is only alleged that the latter desired to own, possess, use and enjoy the lands for themselves. But that is short of the necessary charge that the purpose of the conspiracy was to vest the title to the lands or the enjoyment thereof in them. The last portion of the information makes this feature still more doubtful by alleging that the fourteen aliens conspired with the other two respondents "to secure the control, posses-

sion, use, enjoyment, issues, profits and rights to the benefits of said lands." The information should have expressly and certainly charged that the purpose of the conspiracy was to vest the title to the lands or the control and enjoyment of them in the aliens or in some-one else for their benefit.

[2] But even if it be conceded that the information in the respects just mentioned was sufficient, yet it is defective in that it failed to charge the manner in, or the means by, which the respondents were conspiring to violate the law. It goes no further than to charge them with the purpose of violating it. There are several ways that this might be accomplished, such, for illustration, as placing the title to the lands in the aliens or putting them in direct possession, use and enjoyment thereof, or by placing the title in the names of the two who were not aliens, or giving them the possession, use and enjoyment, but for the benefit of the aliens, or by forming a corporation to take over the lands for the use and benefit of the aliens. Where there are several ways, as here, of violating specific provisions of the law, the information should set out the manner in and means by which the violation was to be consummated.

In the case of *State v. Scollard*, 126 Wash. 335, 218 Pac. 224, in speaking with reference to the conspiracy statute, we said:

"It will be noticed, therefore, that the prohibitions of the statute are general. Under such circumstances, there must be in the information such a statement of the facts and circumstances of the offense as will inform the accused of the specific acts with which they are charged before they can be called upon to answer. . . . In other words, it is necessary, where the words of the statute are general, that the pleader state not only the object of the conspiracy but the intended manner of its accomplishment."

The respondents attack the information upon other grounds, but since we have found it to be defective for the reasons given, it is not necessary to discuss the other questions.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and ASKREN, JJ., concur.